Chad S. Pehrson (12622)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-4646
cpehrson@kba.law

Ali S. Razai (*Pro Hac Vice Application to be Submitted*)
Jacob R. Rosenbaum (*Pro Hac Vice Application to be Submitted*)
Christian D. Boettcher (*Pro Hac Vice Application to be Submitted*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main St., 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
ali.razai@knobbe.com
jacob.rosenbaum@knobbe.com
christian.boettcher@knobbe.com

*Counsel for Plaintiffs Trove Brands, LLC*
*d/b/a The BlenderBottle Company and*
*Runway Blue, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, and RUNWAY BLUE, LLC, a Utah limited liability company,<br><br>       Plaintiffs,<br><br>v.<br><br>JIA WEI LIFESTYLE, INC., a foreign corporation,<br><br>       Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**JURY DEMANDED**<br><br>CASE NO. _____<br><br>JUDGE: _____ |

Plaintiffs Trove Brands, LLC, d/b/a The BlenderBottle Company ("**Trove**") and Runway Blue, LLC ("**Runway Blue**") (collectively, "**Plaintiffs**" or "**BlenderBottle®**") hereby complain of Jia Wei Lifestyle, Inc. ("**Jia Wei**" or "**Defendant**") and allege as follows:

## NATURE OF THE ACTION

1.     BlenderBottle® seeks injunctive relief and damages for acts of patent infringement, trade dress infringement, false designation of origin, passing off, and unfair competition, engaged in by Defendant in violation of the laws of the United States and the State of Utah.

## PARTIES

2.     Plaintiff Trove Brands, LLC, doing business as the BlenderBottle Company is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

3.     Plaintiff Runway Blue, LLC is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 35 South Pfeifferhorn Drive, Alpine, UT 84004.

4.     BlenderBottle® is informed and believes and, based thereon, alleges that Defendant Jia Wei is a corporation organized and existing under the laws of Taiwan, with a principal place of business at 14F.-4, No. 296, Sec. 4, Xinyi Rd., Da'an Dist., Taipei City, Taiwan 106427.

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, passing off, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114, 1116, 1121(a), and 1125(a), as these claims arise under the laws of the

United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in this district.  These acts form a substantial part of the events or omissions giving rise to BlenderBottle®'s claims.

7.     Alternatively, this Court may exercise jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law, Defendant would be a foreign defendant not subject to personal jurisdiction in the courts of any state and Defendant has sufficient contacts with the United States as a whole, including, but not limited to, selling products, including the infringing products, that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Jia Wei satisfies due process.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) at least because Defendant resides in this Judicial District by virtue of being an alien corporation and because a substantial part of the events giving rise to BlenderBottle®'s claims occurred in this Judicial District.

**GENERAL ALLEGATIONS**

9.     BlenderBottle® revolutionized the way supplements are mixed and consumed. Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle® has pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life. Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle®'s shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein drinkers and more. Products embodying BlenderBottle®'s proprietary designs and technology have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

10.     BlenderBottle® protects its substantial investment in innovation and design from imitators with its intellectual property rights.

11.     BlenderBottle® manufactures and sells shakers bearing a distinctive trade dress in the overall design of its shaker bottle lid (the "**Lid Trade Dress**").  A picture of BlenderBottle®'s Lid Trade Dress is depicted below.



12.     BlenderBottle® has also obtained U.S. Trademark Registration No. 6,800,019 for its lid trade dress (the "Lid Trade Dress"). Runway Blue is listed as the registrant of U.S. Trademark Registration No. 6,800,019. Trove is the exclusive licensee of U.S. Trademark

Registration No. 6,800,019 and has been granted all rights thereunder, including the right and standing to enforce U.S. Trademark Registration No. 6,800,019. A true and correct copy of U.S. Trademark Registration No. 6,800,019 is attached hereto as **Exhibit 1**.

13.     U.S. Trademark Registration No. 6,800,019 is valid, unrevoked, and on the Principal Register. As such, BlenderBottle® is entitled to a presumption that the Lid Trade Dress is valid and enforceable.

14.     The Lid Trade Dress is a bottle lid with a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side and the brackets host a pivoting arm containing a circular spout closure element.

15.     On December 31, 2013, the USPTO duly and lawfully issued United States Design Patent No. D696,551 (the "**D551 Patent**"), titled "BOTTLE LID HAVING INTEGRATED HANDLE." Trove is the exclusive licensee of the D551 Patent from Runway Blue and has been granted all rights thereunder, including the right and standing to enforce the D551 Patent. A true and correct copy of the D551 Patent is attached hereto as **Exhibit 2.**

16.     On April 15, 2014, the USPTO duly and lawfully issued United States Patent No. 8,695,830 (the "**'830 Patent**"), titled "CONTAINER LID HAVING INDEPENDENTLY PIVOTING FLIP TOP AND HANDLE." Trove is the exclusive licensee of the '830 Patent from Runway Blue and has been granted all rights thereunder, including the right and standing to enforce the '830 Patent. A true and correct copy of the '830 Patent is attached hereto as **Exhibit 3**.

17.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States shakers and lids that have infringed BlenderBottle®'s patent rights, including the D551 Patent and '830 Patent, and BlenderBottle's Lid Trade Dress.

18.     BlenderBottle®'s products bearing the Lid Trade Dress are available in more than 90 countries worldwide and in over 60,000 retail locations. For example, BlenderBottle®'s products bearing the Lid Trade Dress are sold in numerous major U.S. retailers such as Costco, Sam's Club, Target, Walmart, GNC, Amazon, Dick's Sporting Goods, and Vitamin Shoppe, among many others.

19.     BlenderBottle®'s products bearing the Lid Trade Dress have received significant unsolicited media attention. Products bearing the Lid Trade Dress have been lauded by consumers and the media, including *Good Morning America*, *Shape*, *Good Housekeeping*, *Reader's Digest*, *Self*, *the Today Show*, *Muscle & Fitness*, *Men's Fitness*, *Nutrition Express*, *Amazing Wellness*, *Healthy Magazine*, *Outside Magazine*, *Backpacker Magazine*, *Daily Herald*, *EveryDay With Rachael Ray*, *Flex*, *Health & Beauty*, *Healthy Living*, *Muscle & Performance*, *Oxygen*, *Better Homes & Gardens*, *Climbing Magazine*, and others.

20.     Numerous celebrities have been photographed using BlenderBottle®'s products bearing the Lid Trade Dress, including Justin Bieber, Hugh Jackman, Scarlett Johansson, Shia LaBeouf, and Terry Crews, among others.

21.     BlenderBottle® extensively advertises and promotes its products bearing the Lid Trade Dress, including through its website and social media sites, trade shows, flyers, and advertisements.

22.     BlenderBottle® has derived millions in revenues from sales of products bearing the Lid Trade Dress.

23.     As a result of BlenderBottle®'s widespread use and display of the Lid Trade Dress in association with its shaker bottles and lids, (a) the public has come to recognize and identify

products bearing the Lid Trade Dress as emanating from BlenderBottle®, (b) the public recognizes that products bearing the Lid Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®, and (c) the Lid Trade Dress has established strong secondary meaning and extensive goodwill.

24.     The Lid Trade Dress is not functional. The design features embodied in the Lid Trade Dress are not essential to the function of the product. The Lid Trade Dress is not in its particular shape because it works better in that shape. There are alternative shapes and structures that perform as well as the Lid Trade Dress. Alternatives to the Lid Trade Dress can be found in numerous commercially available products. For example, the examples depicted in the table below all feature alternatives to the Lid Trade Dress.



| | |
|---|---|
| *"PUSHLIMITS Designed by Artoid"* product | *"Rubbermaid® SHAKER BOTTLE"* product |

| | |
|---|---|
|  "*Contigo® LEAK-PROOF SHAKER BOTTLE*" product |  "*BluePeak Shaker Bottle*" product |
|  "*Huel Shaker Bottle*" product |  "*Lava Fitness Shaker Bottle*" product |
|  "*Vortex Shaker Bottle*" product |  "*Shakesphere Tumbler View Shaker Bottle*" product |



"*WeightWatchers Shaker Bottle*" product

"*Aladdin Shaker Bottle*" product

"*Coleman Shaker Bottle*" product

"*Constant Contact Shaker Bottle*" product

25.    These third-party products show that there are many different design decisions that go into creating a lid and that the Lid Trade Dress is the result of decisions regarding ornamentation. Further, BlenderBottle®'s exclusive right to use the Lid Trade Dress does not put competitors at a significant non-reputation related disadvantage because there are numerous alternative designs.

26.    Further, the design features of the Lid Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are complex. The Lid Trade Dress is more expensive to manufacture than other lids. The design features of the Lid Trade Dress do not affect

the quality of the product. The design of the Lid Trade Dress is not a competitive necessity.

27.     Subsequent to BlenderBottle®'s use and adoption of the Lid Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold shaker bottles and lids that use trade dress that is confusingly similar to the Lid Trade Dress.

28.     Defendant manufactures, uses, sells, offers for sale, promotes, advertises, and/or imports, or has manufactured, used, sold, offered for sale, promoted, advertised, and/or imported into the United States the following shaker bottle which infringes BlenderBottle®'s intellectual property rights (the "**Jia Wei Shaker Bottle**"):



29.     On March 15, 2022, Trove sent a letter to Walmart, informing them that Defendant was selling shaker bottles and lids that infringe the '830 Patent.  A true and correct copy of this

letter is attached as **Exhibit 4**.

30.     BlenderBottle® is informed and believes and, based thereon, alleges that Walmart forwarded the letter to Defendant. Walmart provided BlenderBottle® with Defendant's contact information.

31.     After unsuccessful attempts to discuss the matter with Defendant, BlenderBottle® sent a follow-up letter on January 20, 2023, attaching a draft of this Complaint, reiterating BlenderBottle®'s demands from its previous letter, and demanding that Defendant cease selling shakers with lids that infringe the D551 Patent or the Lid Trade Dress. A true and correct copy of this letter is attached as **Exhibit 5.**

32.     Despite BlenderBottle®'s letters, Defendant has refused to cease distributing the infringing Jia Wei Shaker Bottle.

33.     BlenderBottle® is informed and believes and, based thereon, alleges that Defendant has intended to blatantly copy BlenderBottle®'s proprietary designs, and pass off its goods as BlenderBottle®'s high quality products to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace.

34.     Defendant uses the Lid Trade Dress in connection with identical products sold to identical customers and through overlapping channels of trade and marketing channels. Defendant's use of the Lid Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with BlenderBottle®, when there is none.

35.     Defendant's acts complained of herein have caused BlenderBottle® to suffer irreparable injury to its business. BlenderBottle® will continue to suffer substantial loss and

irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

36.     BlenderBottle® is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF

## PATENT INFRINGEMENT

## (35 U.S.C. § 271)

37.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-36 of this Complaint as if set forth fully herein. This is a claim for patent infringement under 35 U.S.C. § 271.

39.     Defendant, through its agents, employees and/or servants has knowingly, intentionally, and willfully infringed, and continues to infringe, the D551 Patent by making, using, selling, offering for sale, and/or importing products, including the Jia Wei Shaker Bottles that have designs that infringe the D551 Patent. For example, the side-by-side visual comparisons of BlenderBottle®'s patented design and Defendant's Jia Wei Shaker Bottle Lid shown below establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Jia Wei Shaker Bottle Lid is substantially the same as the claimed design of the D551 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to the be the other. As a result, Defendant infringes the D551 Patent.

*Comparisons of U.S. Patent No. D696,551 and the Jia Wei Shaker Bottle Lid*





| D551 Patent Figures | Jia Wei Shaker Bottle Lid |
|---|---|

40.     The Federal Circuit has held that a design patent is infringed if the accused product looks substantially the same, in light of the existing prior art, to the patented design in the eyes of an ordinary observer. *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 682-83 (Fed. Cir. 2008).

As can be seen in the side-by-side comparisons of representative figures from the D551 Patent with the Jia Wei Shaker Bottle Lid, the Jia Wei Shaker Bottles and Jia Wei Shaker Bottle Lid are "substantially the same" to BlenderBottle®'s patented designs and, thus, infringe.

41.     Defendant, through its agents, employees, and/or servants has knowingly, intentionally, and willfully infringed the '830 Patent and continues to infringe either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products including the Jia Wei Shaker Bottles that infringe the '830 Patent. For example, Defendant's Jia Wei Shaker Bottles infringes at least Claims 1, 12, and 20 of the '830 Patent as shown in the claim charts attached hereto as **Exhibit 6.** As a result, Defendant infringes the '830 Patent.

42.     Defendant had actual knowledge of each of the BlenderBottle® Patents, for example as early as March 2022, when Walmart forwarded BlenderBottle®'s takedown notice to Defendant. Defendant's infringing products are nearly identical copies of BlenderBottle®'s design. Accordingly, Defendant's actions constitute willful and intentional infringement of each of the BlenderBottle® Patents. Defendant infringed the BlenderBottle® Patents with reckless disregard of BlenderBottle®'s patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of each of the BlenderBottle® Patents. Defendant's acts of patent infringement were not consistent with the standards of commerce for its industry.

43.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle®.

-15-

44.     Pursuant to 35 U.S.C. § 284, BlenderBottle® is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

45.     Pursuant to 35 U.S.C. § 285, BlenderBottle® is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

46.     Pursuant to 35 U.S.C. § 289, BlenderBottle® is entitled to Defendant's total profits from Defendant's infringement of the D551 Patent.

## SECOND CLAIM FOR RELIEF

## TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND FEDERAL UNFAIR COMPETITION

## (15 U.S.C. § 1125(a))

47.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-36 of this Complaint as if set forth fully herein.

48.     This is a claim for trade dress infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a).

49.     Subsequent to BlenderBottle®'s use and adoption of the Lid Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the Lid Trade Dress.  An example of Defendant's infringing use of the Lid Trade Dress is shown below:

*Lid Trade Dress:*



*Infringing Lid*



50.    Defendant's use of the Lid Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BlenderBottle®.

51.    Defendant's use of the Lid Trade Dress without BlenderBottle®'s consent, constitutes trade dress infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

52.    Defendant's use of the Lid Trade Dress without BlenderBottle®'s consent,

constitutes a trade dress infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

53.     BlenderBottle® is informed and believes, and based thereon alleges, that Defendant infringed BlenderBottle®'s trade dress rights with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle®'s products and its brand, damaging its marketability and saleability.

54.     BlenderBottle® is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement, false designation of origin, passing off, and unfair competition have been willful and in total disregard of BlenderBottle®'s proprietary rights, and were done despite Defendant's knowledge that use of the Lid Trade Dress was, and is, in direct contravention of BlenderBottle®'s rights.

55.     BlenderBottle® is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to BlenderBottle®. By reason of Defendant's actions, constituting trade dress infringement, BlenderBottle® has been damaged and is entitled to monetary relief in an amount to be determined at trial.

56.     Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's

profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

57.     BlenderBottle® has been damaged by Defendant's conduct in an amount to be determined at trial.

58.     Due to Defendant's actions, constituting trade dress infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BlenderBottle® has suffered great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

59.     Defendant will continue its trade dress infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, to the great and irreparable injury of BlenderBottle®, unless and until Defendant is enjoined by this Court.

### THIRD CLAIM FOR RELIEF

### TRADE DRESS INFRINGEMENT

### (15 U.S.C. § 1114)

60.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-36 and 47-59 of this Complaint as if set forth fully herein.

61.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

62.     BlenderBottle® owns U.S. Trademark Registration No. 6,800,019 for its Lid Trade

Dress.

63.     Without BlenderBottle®'s permission, Defendant has used in commerce trade dress that is nearly identical to the Lid Trade Dress. Defendant has infringed BlenderBottle®'s Lid Trade Dress and created a false designation of origin by using a nearly identical trade dress in connection with the manufacturing, distributing, selling, and/or promoting of Defendant's bottle products.

64.     BlenderBottle® is informed and believes, and on that basis alleges, that Defendant did so with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not.

65.     BlenderBottle® is informed and believes, and on that basis alleges, that Defendant had actual or constructive knowledge of BlenderBottle®'s ownership and prior use of BlenderBottle®'s Lid Trade Dress and without the consent of BlenderBottle®, has willfully violated 15 U.S.C. § 1114.

66.     Defendant's aforementioned acts have injured BlenderBottle® and damaged BlenderBottle® in an amount to be determined at trial. By its actions, Defendant has irreparably injured BlenderBottle®. Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## STATUTORY UNFAIR COMPETITION

### (Utah Code Ann. § 13-5a-101 *et seq.*)

67.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-36 and 47-66 of this Complaint as if set forth fully herein.

68.     This is a claim for unfair competition, arising under Utah Code Ann. § 13-5a-101, *et seq.*

69.     Defendant's unlawful and intentional business acts, complained of herein, including acts of trade dress infringement, false designation of origin, passing off, and federal unfair competition, caused a material diminution in value of BlenderBottle®'s intellectual property and an infringement of BlenderBottle®'s trade dress and therefore constitutes unfair competition with BlenderBottle® under Utah Code Ann. § 13-5a-101, *et seq.*

70.     Defendant, by its actions, has irreparably injured BlenderBottle®.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER UTAH COMMON LAW

### (Utah Common Law)

71.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-36 and 47-70 of this Complaint as if set forth fully herein.

72.     This is a claim for common law unfair competition arising under Utah common

-21-

law.

73.     Defendant has and continues to willfully and intentionally pass off its products as products of BlenderBottle®.

74.     Defendant's acts of trade dress infringement, false designation of origin, passing off, and federal unfair competition complained of herein constitute trade dress infringement, false designation of origin, and unfair competition under Utah common law.

75.     By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with BlenderBottle® in violation of the common law of the State of Utah.

76.     Defendant's aforementioned acts have damaged BlenderBottle® in an amount to be determined at trial.

77.     Defendant, by its actions, has irreparably injured BlenderBottle®.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, BlenderBottle® prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have infringed the D551 Patent and '830 Patent under 35 U.S.C. § 271;

B.     That Defendant account for all gains, profits, and advantages derived through

Defendant's infringement of the D551 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to BlenderBottle® all damages suffered by BlenderBottle® from such infringement pursuant to 35 U.S.C. § 284 or, at BlenderBottle® election, pursuant to 35 U.S.C. § 289;

C.     That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the'830 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to BlenderBottle® all damages suffered by BlenderBottle® from such infringement pursuant to 35 U.S.C. § 284;

D.     That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claim of trade dress infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a).

E.     That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claim of trade dress infringement under 15 U.S.C. § 1114.

F.     That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claim of trade dress infringement, false designation of origin, passing off, and unfair competition under Utah Code Ann. § 13-5a-101 *et seq*. and Utah common law;

G.     That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

      i.     Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing the Lid Trade Dress, or any products that are not colorably different therefrom;

ii.   Using, without authorization, BlenderBottle®'s Lid Trade Dress, or any other trade dress or trademarks that are confusingly similar to BlenderBottle®'s Lid Trade Dress;

iii.   falsely designating the origin of Defendant's products;

iv.   passing off Defendant's products as those of BlenderBottle®;

v.   misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

vi.   unfairly competing with BlenderBottle® in any manner whatsoever; and

vii.   causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

H.   That an accounting be ordered to determine Defendant's profits resulting from its patent infringement, trade dress infringement, false designation of origin, passing off, and unfair competition;

I.   That BlenderBottle® be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle® as a result of Defendant's acts of trade dress infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action.  That such award of BlenderBottle® of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

J.   An Order adjudging that this is an exceptional case under 35 U.S.C. § 285, 15 U.S.C. § 1117;

K.      An Order that Defendant's patent infringement is willful and a trebling of damages because of each Defendant's willful conduct pursuant to 35 U.S.C. § 284;

L.      An Order that Defendant's trademark infringement, trade dress infringement, false designation of origin, passing off, and/or federal unfair competition is willful and a trebling of damages under 15 U.S.C. § 1117;

M.      An Order for exemplary or punitive damages under Utah Code Ann. § 13-5a-103;

N.      An award to BlenderBottle® of the attorneys' fees, expenses, and costs incurred by BlenderBottle® in connection with this action pursuant to at least 35 U.S.C. § 285, 15 U.S.C. § 1117 and/or Utah Code Ann. § 13-5a-103;

O.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

P.      Such other and further relief as this Court may deem just and proper.

## DEMAND FRO JURY TRIAL

BlenderBottle® hereby demands a jury trial of all issues in this action triable as of right by a jury.

DATED this 18th day of October 2023.

Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Ali S. Razai
Jacob R. Rosenbaum
Christian D. Boettcher

*Counsel for Plaintiffs Trove Brands, LLC*
*d/b/a The BlenderBottle Company and*
*Runway Blue, LLC*